NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4756-15T1

IN THE MATTER OF THE
DENIAL OF THOMAS TEDESCO'S
REQUEST FOR A SECOND AND/OR
DUPLICATE FIREARMS PURCHASER
IDENTIFICATION CARD.
_____________________________

 Submitted September 12, 2017 – Decided September 20, 2017

 Before Judges Fasciale and Sumners.

 On appeal from Superior Court, Law Division,
 Bergen County.

 Michael J. Beatrice, attorney for appellant.

 Gurbir S. Grewal, Bergen County Prosecutor,
 attorney for respondent (Ian C. Kennedy,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM

 Tedesco appeals from a May 23, 2016 order denying his request

for a "second and/or duplicate Firearms Purchaser Identification

Card (FPIC)." Judge Edward A. Jerejian entered the order and

rendered a thorough oral opinion. After conducting a hearing, the

judge found that it would be against the public health, safety,

and welfare for Tedesco to receive the FPIC. There exists
substantial credible evidence in the record to support such a

finding. We therefore affirm.

 Tedesco discharged a weapon into a stack of magazines located

in a bathroom, while his wife and sons were downstairs in the

home. The police arrived at the residence and instructed Tedesco

to exit the bathroom. He eventually complied and the police

arrested him. Tedesco later admitted that he had fired the weapon

that night because he had previously been depressed and

intoxicated.

 Tedesco did not dispute that he had fired the weapon in the

bathroom, or that his wife and children were downstairs. Instead,

he offered evidence that he had resolved his mental health and

alcohol issues. He testified that since the incident, he completed

substance abuse and alcohol treatment. Tedesco produced at the

hearing medical reports from his treating physicians stating that

since the incident he has remained sober and has properly treated

his depression.

 The judge commended Tedesco for making progress towards his

alcohol and mental health issues. But the judge determined, after

having had the opportunity to observe and listen to him testify,

that Tedesco could relapse at any time. The judge then made an

independent finding that it would be against the public health,

safety, and welfare for Tedesco to receive the FPIC, upheld the

 2 A-4756-15T1
police chief's denial of Tedesco's application for the FPIC, and

entered the order under review.

 On appeal, Tedesco argues that the judge's findings – that

it would not be in the interest of the public health, safety, and

welfare for him to receive the FPIC – are against the weight of

the evidence.

 The law governing this appeal is well settled. A municipal

police chief has the discretion, "subject to standards which have

been adjudged constitutionally adequate[,]" to grant or deny an

individual's application for a handgun permit or identification

card. Weston v. State, 60 N.J. 36, 43 (1972). "The function of

the Police Chief as the local administrative official charged with

responsibility for the original decision to grant or withhold . .

. involves largely the exercise of an informal discretion, based

upon the information disclosed by a good faith investigation." In

re Application of Boyadjian, 362 N.J. Super. 463, 475 (App. Div.)

(citations and internal quotation marks omitted), certif. denied,

178 N.J. 250 (2003).

 When reviewing an application, a police chief must consider

the interests of the community and must not make a decision that

is "arbitrary, capricious or unreasonable." Id. at 478. After

completing the investigation, if the police chief decides to deny

the application, there is "no obligation to hold a trial-type

 3 A-4756-15T1
hearing before doing so." Weston, supra, 60 N.J. at 43. If the

police chief decides to deny the application, however, the

applicant should be given "an opportunity . . . to discuss the

matter . . ., to be informed of the reasons for the denial and to

offer any pertinent explanation or information for the purpose of

meeting the objections being raised." Id. at 43-44.

 The police chief's decision to deny an application is subject

to de novo review by the Law Division, which "in this context

contemplates introduction of relevant and material testimony and

the application of an independent judgment to the testimony by the

reviewing court." Id. at 45. The police chief bears the burden

of establishing the existence of good cause for the denial "by a

fair preponderance of the evidence." Id. at 46. In evaluating

the facts and the reasons given for rejection, "the court should

give appropriate consideration to the [police chief's]

investigative experience and to any expertise he appears to have

developed in administering the statute." Ibid.

 Upon review of the Law Division's decision, "an appellate

court should accept a [judge's] findings of fact that are supported

by substantial credible evidence." In re Return of Weapons to

J.W.D., 149 N.J. 108, 116-17 (1997) (citing Bonnco Petrol, Inc.

v. Epstein, 115 N.J. 599, 607 (1989)). Where the evidence is

mostly testimonial and involves questions of credibility,

 4 A-4756-15T1
deference to a judge's findings of fact is particularly

appropriate. Id. at 117. We will not disturb a judge's findings

of fact unless those findings would result in an injustice. Ibid.

(citing Rova Farms Resort v. Inv'rs Ins. Co., 65 N.J. 474, 483-84

(1974)).

 Here, there exists substantial credible evidence in the

record to support the judge's findings. Tedesco fired a gun into

a stack of magazines in his home bathroom, knowing that his family

was in the residence. Tedesco then resisted exiting the bathroom

when the police arrived. The judge carefully considered Tedesco's

substance abuse and mental-health history, and observed Tedesco's

demeanor during the hearing. Given our standard of review, we

defer to the judge's findings, which we have no reason to disturb,

and affirm substantially for the reasons expressed by Judge

Jerejian.

 Affirmed.

 5 A-4756-15T1